OPINION OF THE COURT
Bertram R Gelfand, J.
In this contested agency adoption proceeding, the natural mother placed at issue her surrender consenting to the infant’s adoption. A hearing was held solely on this issue. The validity and efficacy of the surrender was upheld by decision rendered May 16, 1983 (see Matter of Trina M., NYLJ, May 24, 1983, p 11, col 3) and subsequently a final order of adoption was entered on June 14, 1983.
Counsel for petitioner has now noticed for settlement an interim order embodying only the issues determined in the decision rendered May 16, 1983. The decretal relief which petitioner now seeks to have embodied in an interim order has already been incorporated in the final order granting the adoption.
It appears that the within order is presented in order to permit the successful party to serve a paper which will commence the unsuccessful party’s time to appeal running *733 (see CPLR 5513, subd [a]) without serving the final order of adoption which contains otherwise confidential information as to the identity of the adoptive parent (see Domestic Relations Law, § 112, subd 4; § 114). Nevertheless, it is not appropriate to enter an interim order in a proceeding that has already been completed by a final decree which encompasses all of the interim relief previously granted.
As a result of the failure to settle an interim order prior to the matter being finalized, petitioner finds herself in the unhappy position of being caught between two statutes whose implications must be reconciled. One statute (CPLR 5513) mandates that the time to appeal by a party other than the one entering the order does not begin to run until a decree or order appealed from is served. The other mandates that in an adoption, information as to the identity of the adoptive parents is confidential (see Domestic Relations Law, § 114). This confidential data that is not to be disclosed even to the persons who have a right to appeal from the final decree is a part of the final decree which must be served to commence the running of the time to appeal.
This is not a problem peculiar to this matter. It is one that is present in every contested adoption. Too often it results in no service of the final decree on those adversely affected, thus denying to the matter the usual finality which flows from the time to appeal having expired without a notice of appeal being filed.
Under the circumstances here present, it is the duty of the court to coalesce the two conflicting statutes so that petitioner is not denied the right to limit respondent’s time to appeal and respondent is not denied notice that the matter is finalized. It is concluded that this can appropriately be accomplished by petitioner serving a copy of the final order of adoption from which is redacted the name of the adoptive parent and the new last name of the infant (see Matter of “Male F.”, 97 Misc 2d 505). Petitioner should so proceed.